# United States District Court
## Western District of Virginia
### Harrisonburg Division

|  |  |  |
|---|---|---|
| **NANCY E. MAY,** | ) | Civil No.: 5:10cv00067 |
| *Plaintiff*, | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMENDATION** |
| **MICHAEL ASTRUE**, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | By: Hon. James G. Welsh |
| *Defendant,* | ) | U. S. Magistrate Judge |

This is the second civil action instituted in this court by the plaintiff, Nancy E. May, challenging a final administrative of the Commissioner of the Social Security Administration ("the agency") denying her claims of entitlement of disability insurance benefits ("DIB") and for Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, as amended ("the Act"), 42 U.S.C. §§ 416 and 423, and 42 U.S.C. §§ 1381 *et sec.*, respectively. Jurisdiction of the court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

Following adverse agency and administrative law judge ("ALJ") determinations of her initial DIB and SSI applications,[1] the plaintiff sought court review of the Commissioner's final determination dated July 28, 2006. This effort was unsuccessful and summary judgment was

---

[1] In her August 24, 2006 initial filings the plaintiff alleged a disability beginning June 8, 2004 due to "fibromyalgia and chronic fatigue syndrome." *May v. Astrue*, 2008 U.S. Dist LEXIS 14204, *5 (WD Va, February 26, 2008).

ultimately granted in the Commissioner's favor on March 17, 2008. M*ay v. Astrue*, 5:07cv00007 (docket # 13).

Pursuant to her current applications, the plaintiff again seeks DIB and SSI, this time alleging a July 24, 2008 disability onset date[2] due to "fibromyalgia and chronic fatigue, depression and [an] anxiety disorder." (R.231.) These applications were also denied at all levels of the administrative process, including an ALJ denial by written decision dated August 5, 2009 in which he concluded the plaintiff retained the functional ability to perform a limited range of light work. (R.10-52,144-202.) The Appeals Council subsequently denied the plaintiff's request for review of the hearing decision (R.1-4,7), and the ALJ's decision now stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981.

The Commissioner has filed a certified copy of the Administrative Record ("R."), which includes the evidentiary basis for the findings and conclusions set forth in the Commissioner's final decision. By an order of referral entered on December 10, 2010 this case is before the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Both parties have since moved for summary judgment; each has filed a supporting memorandum of points and authorities, and the views of counsel have been heard.

## I. Summary Recommendation

Based on a thorough review of the administrative record and for the reasons herein set forth, it is recommended that the plaintiff's motion for summary judgment be denied, the

---

[2] This alleged onset date is one day after the date of the ALJ's decision on the plaintiff's initial applications. Thus, the relevant time period in the instant case is from March 10, 2007 until July 23, 2008, the date of the ALJ's adverse decision on the plaintiff's current applications.

Commissioner's motion for summary judgment be granted, and an appropriate final judgment be entered affirming the Commissioner's decision denying benefits.

## II. Standard of Review

The court's review in this case is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that the plaintiff failed to meet the statutory conditions for entitlement to a period of DIB or to SSI. "Under the . . . Act, [a reviewing court] must uphold the factual findings of the [Commissioner], if they are supported by substantial evidence and were reached through application of the correct legal standard." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). This standard of review is more deferential than *de novo*. "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Mastro*, 270 F.3d at 176 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Id*. (*quoting Craig v. Chater*, 76 F.3d at 589). Nevertheless, the court "must not abdicate [its] traditional functions," and it "cannot escape [its] duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974). The Commissioner's conclusions of law are, however, not subject to the same deferential standard and are subject to plenary review. *See Island Creek Coal Company v. Compton*, 211 F.3d 203, 208 (4th Cir. 2000); 42 U.S.C. § 405(g).

## III. ALJ Findings

After reviewing the plaintiff's medical information in detail, utilizing the agency's standard sequential evaluation process[3] and taking into account the plaintiff's vocational profile,[4] *inter alia* the ALJ made the following findings: (1) the plaintiff met the DIB insured status requirements only through December 31, 2009; (2) her "severe" impairments include a history of cervical fusion, degenerative cervical disc disease, cervical spondylosis and a depressive disorder; (3) her impairments, neither singularly nor in combination meet or equal the severity of a listed impairment;[5] (4) she cannot perform any of her past relevant work; and (5) through the decision date she retained the functional ability to perform the exertional and non-exertional requirements of a limited range of light exertional jobs, including work as a telephone clerk and parking lot attendant. (R.15-25.)

IV.     **Pertinent Facts and Analysis**

---

[3] To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of impairments found at 20 C.F.R. Part 4, Subpt. P, Appx. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents her from doing substantial gainful employment. 20 C.F.R. § 404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §.404.1503(a); *Hall v. Harris,* 658 F.2$^d$ 260 (4th Cir. 1981).

[4] At the time of the administrative hearing on the plaintiff's current applications, she was thirty-eight (38) years of age and classified as a younger worker; she completed the 9th grade in school which is considered to be a limited education, and her past relevant work included exertionally medium semi-skilled work as a machine operator, order selector and forklift operator. (R.45.)

[5] The adult impairments listed in 20 C.F.R. Part 404, Subpart P, Appx. 1, are descriptions of approximately 125 physical and mental illnesses and abnormalities, most of which are categorized by the body system they affect. "Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a [person] to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *See* Social Security Ruling (SSR) 83-19."*Sullivan v. Zebley* 493 U.S. 521, 529-530 (1990).

**A.**

Consistent with the Fourth Circuit's holding in *Albright v. Commissioner*, 174 F. 3rd 473 (4th Cir. 1999), it must be observed at the outset in this case that the Commissioner's prior adverse final determination, dated July 28, 2006, is "highly probative" of the plaintiff's continuing residual functional capacity to perform a range of light and sedentary work on the date she herein alleges she became disabled. *See* Acquiescence Ruling ("AR") 00-1(4). Thus, the plaintiff herein necessarily focuses her argument on the large L4/5 disc protrusion with attendant left L5 nerve root displacement first identified in a lumbar MRI study dated August 28, 2008 (R.84,104) and her attendant difficulty walking first noted in her pain management physician's office records in March 2008. (R.89; *see also* R.39,92,95,96,104)

The development of this low back condition in combination with her history of cervical disc disease and chronic pain, she argues, fully support her claim and the functional limitations later reported by Dr. Luis Vigil on April 2009 (R.130-134) that she lacks the residual functional capacity to meet the exertional requirements of either light or sedentary work on a regular and sustained basis. (*See also* R.50-52.)

In contrast, the Commissioner argues that this argument is based almost exclusively on "post-hearing" submissions which do not relate to a period on or before the date of the ALJ's July 23, 2008 decision. *See* 20 C.F.R. §§404.970(b) and 416.1470(b) (1999); *see also Wilkins v. Secretary, Dep't. of Health & Hum. Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991). As noted in the Commissioner's brief filed in support of his summary judgment, this argument by the plaintiff's is based, at least in part, on an erroneous belief that Dr. Vital had been treating her since 2006,

when his records show unequivocally that she was a "new" patient on August 27, 2008 (one month after the ALJ's decision) and the equally erroneous belief that Dr. Vidal's functional assessment was made in April 2008 instead of April 2009 (one year after the ALJ's decision) (R. 81,134). This being the case, one is constrained to conclude that the post-hearing evidence upon which the plaintiff seeks to rely on appeal does not present medical findings contrary to the ALJ's relevant determinations.

**B.**

Secondarily, the plaintiff argues that over time her depressive disorder increased significantly in severity and prevents her from making a work effort on a regular and sustained basis. As support for this contention, she notes that she has seen Dr. Lawrence Connell every one or two months since 2005 for psychotherapy and medication management. This longitudinal record of treatment, she contends, along with Dr. Connell's April 2005 and February 2007 assessments demonstrate her depressive symptoms to be serious, significant, and functionally disabling. (R.370-374,531-535.)

This argument is essentially the same mental health argument she presented to this court in connection with the denial of her initial DIB and SSI applications. *See May v. Astrue,* 2008 U.S. Dist. LEXIS 14204, *4 (WD Va. February 26, 2008). Lacking objective support in the medical record or in his treatment notes, the ALJ in the both cases appropriately deemed Dr. Connell's opinion to merit little decisional weight.

In the instant case, the plaintiff has additionally submitted a third assessment by Dr. Connell dated June 4, 2009. (R.139-143.). Therein, he essentially expands on the same signs and

symptoms he had earlier outlined and again expresses his opinion that these conditions have been of disabling severity since June 2004. (R.139-143.) As the ALJ summarized in his written decision, the severity of depressive symptoms reported by Dr. Connell is inconsistent with the plaintiff's denial of crying spells or memory problems, inconsistent with the variety of her reported daily activities, inconsistent with the absence of reported abnormal mental status behaviors by any other treating or examining physician, and inconsistent with the assessment of the plaintiff's mental impairments made by the state psychological reviewer. (R.18,221-222, 244, 247-249,276,373,430-445,459-462.) Manifestly, this evidence in record constitutes substantial evidence in support of the Commissioner's final decision. *See e.g., Ward v. Chater*, 924 F. Supp. 53, 55 (WDVa. 1996) (a treating physician's opinion is to be afforded "controlling weight" only if it is supported by clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence); *Smith v. Schweiker*, 795 F.2$^d$343, 345-46 (4$^{th}$Cir. 1986) (the opinion of a non-examining physician can constitute substantial evidence to support the decision of the Commissioner); *see also* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2).

## C.

As previously noted herein, it is not the province of a reviewing court to make a disability determination. The court's role is to determine whether the Commissioner's decision is supported by substantial evidence and, in this case, substantial evidence supports the ALJ's opinion.

The recommendation that the Commissioner's final decision be affirmed does not suggest that the plaintiff is totally free of pain and subjective discomfort or does not have very real mental health issues. The objective medical record, however, simply fails to document the

existence of any condition which reasonably would be expected to result in total disability from all forms of substantial gainful employment.

In summary, a thorough review of the record demonstrates the ALJ's properly considered the objective and subjective evidence in making his adjudication of the plaintiff's claims. It follows, therefore, that all facets of the Commissioner's final decision in this case are supported by substantial evidence, and it must be affirmed.

V. **Proposed Findings of Fact**

As supplemented by the above summary and analysis and on the basis of a careful examination of the full administrative record, the undersigned submits the following formal findings, conclusions and recommendations:

1. The Commissioner's final decision is in all respects supported by substantial evidence;

2. Commissioner's final decision gave the requisite consideration and weight to the opinions of all treating providers;

3. Substantial evidence in the record supports the finding that through the decision date the plaintiff was not disabled within the meaning of the Act;

4. The plaintiff has not met her burden of proving a disabling condition on or before her date last insured; and

5. The final decision of the Commissioner should be affirmed.

VI. **Recommended Disposition**

For the foregoing reasons, it is RECOMMENDED that an order be entered AFFIRMING the final decision of the Commissioner, GRANTING JUDGMENT to the defendant, and DISMISSING this case from the docket of the court.

The clerk is directed to transmit the record in this case immediately to the presiding United States district judge and to transmit a copy of this Report and Recommendation to all counsel of record.

**VII.  Notice to the Parties**

Both sides are reminded that, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof.  Any adjudication of fact or conclusion of law rendered herein by the undersigned to which an objection is not specifically made within the period prescribed by law may become conclusive upon the parties.  Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitals or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objections.

DATED: 24th day of May 2011.

/s/  *James G. Welsh*
United States Magistrate Judge